UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN C. MIDDLETON, | ) | |
| | ) | |
| Petitioner, | ) | **CAPITAL HABEAS** |
| | ) | |
| | ) | No. 4:03CV543 CDP |
| | ) | |
| DONALD P. ROPER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner is again before this court seeking a stay of execution. After the United States Court of Appeals vacated the stay of execution that I entered last night, petitioner filed a habeas corpus petition with the Missouri Supreme Court under Missouri Rule 91. That petition argued that his planned execution would violate his rights under the Eighth Amendment to the United States Constitution, as recognized in *Ford v. Wainwright,* 477 U.S. 399 (1986) and *Panetti v. Quarterman,* 551 U.S. 930 (2007).

The Missouri Supreme Court denied the petition on the merits, concluding that petitioner had not made a substantial threshold showing of insanity, and so refused to stay the execution or grant any habeas relief. Petitioner has now filed a renewed motion for stay of execution with this court. Because Petitioner cannot show any likelihood of success on the merits of this federal petition for writ of

habeas corpus, I will deny the motion for a stay.  I will also deny the petition for habeas relief, as petitioner cannot show that he is entitled to such relief.

Under 28 U.S.C. § 2254 this federal court cannot grant habeas relief on the claim unless the state court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Petitioner has not shown that the decision of the Missouri Supreme Court was either an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  Although I concluded yesterday that he had made a substantial *Ford* showing, I cannot say that the Missouri Supreme Court's conclusion to the contrary is unreasonable in any way.  As the Missouri Supreme Court and the Eighth Circuit Court of Appeals noted, it is for the Missouri courts – not this federal court – to determine in the first instance whether petitioner had made the required showing.  The Missouri Supreme Court applied the correct *Panetti* standard and their analysis of the evidence was certainly a reasonable analysis.  As the Missouri courts' ruling does not reflect an unreasonable

application of federal or an unreasonable determination of the facts, I must deny the motion for stay of execution and the petition for habeas corpus relief.

Because reasonable federal jurists considering a §2254 petition could not differ on Middleton's claims, given the deferential standard that must be applied to the decision of the Missouri Supreme Court, this Court will deny a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for stay of execution [157] and his second in time petition for writ of habeas corpus [#130] are DENIED

**IT IS FURTHER ORDERED** that petitioner's request for a certificate of appealability is DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of July, 2014.